**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| RICO DUKES, ) | |
|        Plaintiff, ) | |
| vs. ) | No. 3:18-CV-2189-B-BH |
| ) | |
| SHANKLIN BRODY, et al., ) | |
|        Defendants. ) | Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**

By *Special Order No. 3-251*, this pro se case has been automatically referred for judicial screening. Before the Court is the plaintiff's *Complaint and Request for Injunction*, filed August 20, 2018 (doc. 3). Based on the relevant filings and applicable law, the case should be **DISMISSED without prejudice** for improper venue.

**I. BACKGROUND**

On August 20, 2018, the plaintiff filed this *pro se* case against the Denton County Court, three judges and the clerk of that court, his court-appointed criminal defense attorneys, and three other individuals, alleging violation of his civil rights. (*See* doc. 2 at 1, 5, 7-8, 18-20; doc. 3 at 2.) He claims that an indictment against him was filed in the Denton County Court on June 29, 2018, and July 2, 2018, but there was no grand jury in session on those dates. (doc. 2 at 2.) He filed a motion to quash the indictment and for dismissal based on a speedy trial violation because his attorney refused to file it, but the judge did not rule on it. (doc. 2 at 2; doc. 3 at 12-14.) He claims that he was illegally incarcerated in the Denton County Jail from April 13, 2018, through August 1, 2018, and he seeks to have his criminal case dismissed and monetary damages for every day that he was incarcerated. (doc. 2 at 4; doc. 3 at 5.) He also appears to seek relief under various other statutes and regulations, including RICO and the Fair Debt Collection Practices Act. (doc. 3 at 5, 22-23, 25-37.)

The Denton County Court is located in the Eastern District of Texas, Sherman Division. *See* 28 U.S.C. § 124(c)(3).  No process has been issued in this case.

## II.  PRELIMINARY SCREENING

The plaintiff was granted leave to proceed *in forma pauperis* on August 23, 2018.  (*See* doc. 6.) Because he has been permitted to proceed *in forma pauperis*, his complaint is subject to judicial screening under 28 U.S.C. § 1915(e)(2).  It provides for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327.  A claim that falls under the rule announced in *Heck v. Humphrey*, 512 U.S. 477 (1994), "is legally frivolous unless the conviction or sentence at issue has been reversed, expunged, invalidated, or otherwise called into question." *Hamilton v. Lyons*, 74 F.3d 99, 102 (5th Cir. 1996).  A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).  To avoid dismissal for failure to state a claim, plaintiffs must allege facts sufficient to "raise the right to relief above the speculative level." *Twombly*, 550 U.S. at 555.  Mere "labels and conclusions" nor "a formulaic recitation of the elements of a cause of action" suffice to state a claim upon which relief may be granted.  *Id.*

### III. VENUE

The general venue provisions of 28 U.S.C. § 1391 provide the basis for determining the proper venue for the plaintiff's claims. Section 1391(b) provides:

> A civil action may be brought in (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b)(West Supp. 2014). Here, the plaintiff does not claim that any of the defendants reside in the Northern District of Texas, or that any part of the events or omissions giving rise to his claims occurred here. The Denton County defendants all appear to be located in Denton County, Texas, which is located within the territorial confines of the Sherman Division of the Eastern District of Texas. *See* 28 U.S.C. § 124(c)(3). All of the events upon which he bases his claims appeared to have occurred in that district. There is no indication from the filing that venue lies in this district.

Section 1406(a) of Title 28 of the United States Code provides:

> The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.

28 U.S.C. § 1406. Courts may transfer a case *sua sponte*. *Mills v. Beech Aircraft Corp., Inc.,* 886 F.2d 758, 761 (5th Cir. 1989); *Caldwell v. Palmetto State Sav. Bank*, 811 F.2d 916, 919 (5th Cir. 1987). They have broad discretion in determining the propriety of a transfer. *Balawajder v. Scott*, 160 F.3d 1066, 1067 (5th Cir. 1998).

Here, it is not in the interest of justice to transfer this case to the appropriate district. First, the plaintiff filed a prior similar action against the Denton County Court that was dismissed for

3

improper venue. *See Dukes v. Denton County Court*, No. 3:17-CV-2066-L (N.D. Tex. Oct. 31, 2017).[1] Second, because he seeks to recover damages for an allegedly unconstitutional conviction, imprisonment or other unlawful action that renders a conviction or sentence invalid but has not alleged that the conviction or sentence has been reversed, expunged, invalidated, or otherwise called into question by a federal court's issuance of a writ of habeas corpus under 28 U.S.C. § 2254, the claims in this lawsuit appear to be barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). Third, he sues judges and court personnel who appear to be immune from suit. *See Nixon v. Fitzgerald*, 457 U.S. 731, 745–46 (1982) (recognizing absolute immunity for judges acting in the performance of their judicial duties); *Mireles v. Waco*, 502 U.S. 9, 11–12 (1991) (holding judges are immune from suit for damages resulting from any judicial act unless performed in "the clear absence of all jurisdiction"); *Clay v. Allen*, 242 F.3d 679, 682 (5th Cir. 2001) (individuals who perform judicial functions "have absolute [quasi-judicial] immunity from actions for damages arising from acts they are specifically required to do under court order or at a judge's discretion"). His sole allegation against one defense attorney is the alleged failure to file a motion as requested, and his filings include no allegations or references to the remaining defendants, so he has not pleaded any plausible cause of action against any of them. Because the plaintiff's complaint is duplicative of a prior lawsuit and raises claims that appear to be subject to dismissal, this case should be dismissed instead of transferred.

## IV. RECOMMENDATION

The complaint should be **DISMISSED without prejudice** for improper venue.

---

[1] In addition, he has filed twenty-one other lawsuits in this district, and the majority have been dismissed under 28 U.S.C. § 1915(e)(2) as frivolous or for failure to state a claim. Several of those lawsuits seek relief under the same statutes that the plaintiff invokes in this case.

**SO RECOMMENDED**, this 14th day of January, 2019.

*[signature: Irma Carrillo Ramirez]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*[signature: Irma Carrillo Ramirez]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE